**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MONTANA**

In re

**NORMAN WAYNE PARMITER,**

Case No. **9:25-bk-90161-BPH**

Debtor.

## ORDER

Debtor filed an Amended Chapter 13 Plan dated April 30, 2026, at ECF No. 75 ("Plan"). The Plan was transmitted to creditors in accordance with Fed. R. Bankr. P. 3015. Any objections to confirmation of the Plan have been resolved. The Trustee filed a Consent to confirmation of the Plan on May 11, 2026, at ECF No. 78. The Court finds that the Plan meets the requirements of 11 U.S.C. § 1325. Accordingly,

IT IS ORDERED that the Plan is confirmed according to its terms, including but not limited to the following:

1. **PAYMENTS**

| Amount of Each Payment | $3,128.84 each month for 8 months; $4,537.00 each month for 52 months. |
|---|---|
| Payment Due Date | 26th of each month |
| Period of Payments | 60 months |
| Trustee to Receive Payments | Robert G. Drummond |

2. **NON-STANDARD PLAN PROVISIONS**

The Debtor is seeking to refinance his real property to allow him to pay the judgment in favor of Marshall Pierce and Sarah Menhennet as well as the first position mortgage. Debtor will be seeking sufficient funds to pay this plan in full. If the Debtor is not able to refinance, the property will be offered for sale. A failure to refinance or sell within 12 months after confirmation will be grounds for dismissal of this case or conversion to chapter 7.

1

Notwithstanding the foregoing paragraph, if the Debtor is able to obtain financing to pay the Pierce-Menhennet claim but not all claims filed in this case the Debtor will move to modify this plan to provide for payment of remaining claims over the remaining term of this plan. In that event the provision in the preceding paragraph about dismissal or conversion after 12 months will not be applicable.

Liquidation Analysis: Debtor has sufficient non-exempt assets to require full payment of unsecured debts with interest at the federal judgment rate as of the date of filing, which was 3.85%.

3.  **OTHER PROVISIONS**

a.  Pursuant to 11 U.S.C. § 1325(c) any entity from whom the Debtor receives income shall withhold the monthly payments required under the Plan and pay such payments to the Standing Chapter 13 Trustee, unless waived by court order.

b.  The Plan provides an estimate of Debtor's counsel's fees as an administrative claim. If the estimated fees exceed the Court's approved no-look fee, no fees will be paid to counsel until the Court approves counsel's application for professional fees and costs.

c.  Property of the estate shall revest in Debtor upon confirmation.

IT IS FURTHER ORDERED that the **May 14, 2026,** hearing on confirmation of Debtor's Plan is vacated.

Dated May 12, 2026.

BY THE COURT:

Hon. Benjamin P. Hursh
United States Bankruptcy Court
District of Montana

2