Edward A. Murphy
MURPHY LAW OFFICES, PLLC
127 N. Higgins Ave., Ste. 310
Missoula, MT 59802
Phone: (406) 728-2671
Facsimile: (866) 705-2260
Email: rusty@murphylawoffices.net
Attorney for Debtor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>NORMAN WAYNE PARMITER,<br><br>Debtor. | Case No. 9:25-bk-90161-BPH |

**MODIFIED CHAPTER 13 PLAN (Dated October 30, 2026)**

**To Debtors**: In the following notice to creditors, you must check each box that applies.

**To Creditors**: Your rights may be affected by this Plan. Your claim may be reduced, modified, or eliminated. If you oppose the Plan's treatment of your claim or any provision of this Plan, you must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this Plan without further notice if no objection to confirmation is filed.

| Yes | No | |
|---|---|---|
| x | | This Plan contains non-standard provisions in paragraph 11. |
| | x | This Plan limits the amount of secured claims in paragraph 2(b) which may result in a partial payment or no payment at all to the secured creditor. |
| | x | This Plan avoids a security interest or lien in paragraph 11. |

1. **FUTURE EARNINGS/INCOME**. The future earnings and other income of the Debtor(s) are submitted to the supervision and control of the Chapter 13 Standing Trustee as necessary for the execution of this Plan, and Debtor(s) shall pay to the Trustee the sum of $3,128.84 each month for 8 months and $4,537.00 for 5 months and $4,706.00 for 47 months for

a term of 60 months, or until all of the provisions of this Plan have been completed. Plan payments shall commence within thirty (30) days following the filing of the petition. The Debtor(s) shall make payments directly to the Trustee until [his/her/their] wage deductions begin.

**2. PAYMENTS/DISBURSEMENTS**. From the payments so received, the Trustee shall make disbursements as follows:

**(a) Administrative Claims.** The Trustee shall pay those claims, fees or charges specified in 11 U.S.C. § 507(a)(2), including the Debtor'(s) attorney fees and costs in such amount as may be allowed by the Court. As of the date of this Plan, Debtor'(s) counsel estimates that total attorney fees and costs for representation of Debtor(s) (excluding the fee for filing the Debtor'(s) petition) will be as follows:

| | | |
|---|---|---|
| Estimated total attorney fees: | | $6,000 |
| Estimated total costs: | + | $ 750 |
| Total estimated attorney fees and costs: | = | $6,750 |
| Less retainer: | – | $. 0 |
| TOTAL FEES AND COSTS TO BE PAID THROUGH PLAN: | | $6,750 |

* If this figure differs from the Disclosure of Compensation originally filed by the Debtor'(s) attorney, said Disclosure must be amended simultaneously with the filing of this Plan or Amended Plan, as provided in F.R.B.P. 2016(b).

**(b) Impaired Secured Claims.** After the payments provided for above, the Trustee shall pay allowed secured claims, as determined pursuant to 11 U.S.C. § 506(a), together with interest at the rate set forth below from the date of confirmation, on a pro rata basis, as follows:

| **Name of Creditor** | **Claim Number** | **Allowed Secured Claim *** | **Rate of Interest** |
|---|---|---|---|
| Menehennet and Pierce | 7 | 253,164.63 | 7.1% |

[* This figure is the lesser of the total amount of the debt owing to the creditor or the value of the collateral securing said debt.]

Secured creditors shall retain their liens as provided by 11 U.S.C. § 1325(a)(5)(B). In order for any unsecured deficiency to be allowed and paid, a proof of claim must be filed pursuant to Montana's Local Bankruptcy Rules.

**(c) Unimpaired Secured Claims.** The following secured creditors, whose claims will be left unimpaired by this Plan, are not provided for by this Plan and shall receive no payments through the Trustee except with regard to those arrearages specified below, if any:

| **Name of Creditor** | **Claim No.** | **Description of Collateral** |
|---|---|---|
| PHH Mortgage | 6 | Debtor's residence |
| Driveway Financial Corporation | 9 | 2022 Ford F150 |

Concurrently with the payments on impaired secured claims specified above, the following arrearages on unimpaired secured claims, if any, shall be paid through the Trustee on a pro rata basis until the same have been paid in full:

| **Name of Creditor** | **Amount of Arrearage** |
|---|---|
| PHH Mortgage | $8,765.78 |

Upon completion of the Plan, all pre-petition arrearages provided for by this Plan shall be deemed current.

**(d) Domestic Support Obligations.** After the payments provided for above, the Trustee shall pay all allowed pre-petition domestic support obligations. Such allowed claims for pre-petition domestic support obligations shall be paid in full under this Plan, without interest (unless otherwise provided).

| **Creditor** | **Complete Address** | **Claim Amount** |
|---|---|---|
| None | | |

**(e) Priority Claims.** After the payments provided for above, the Trustee shall pay allowed claims entitled to priority in such order as specified in 11 U.S.C. § 507.

**(f) General Unsecured Claims.** After the payments provided for above, the Trustee shall pay dividends, to the extent possible, to allowed unsecured, nonpriority claims on a pro rata basis.

**(g) Liquidation Analysis.** The total amount distributed under paragraphs 2.(d), (e), and (f) above will be at least $[See paragraph 11 of this plan] which exceeds what would be available to pay unsecured claims if the Debtor'(s) estate was liquidated under Chapter 7 of the Bankruptcy Code. A discharge will not be entered by the Court until said sum has been distributed, or until all allowed unsecured claims have been paid in full, whichever is less.

**3. ASSUMPTION OF CONTRACTS OR LEASES.** The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

**Assumed items.** Current installment payments will be disbursed either by the trustee or directly by the debtor(s), as specified below, subject to any contrary court order. Arrearage payments will be disbursed by the trustee.

| Name of Creditor | Description of leased property or executory contract | Current installment payment | Monthly amount of arrearage to be paid | Treatment of arrearage (Refer to other plan section if applicable) | Estimated total payments by trustee |
|---|---|---|---|---|---|
| | | | | | |

Current installment payments on [describe lease] disbursed by: ___ Trustee ___Debtor(s)

**4. SURRENDER OF PROPERTY.** The Debtor(s) surrenders any and all interest in the following described collateral to the stated secured creditor in full satisfaction of the creditor's allowed secured claim. In order for any unsecured deficiency to be allowed and paid under this Plan, a proof of claim must be filed pursuant to Montana's Local Bankruptcy Rules. Upon confirmation, the stay that arose under 11 U.S.C. § 362 and 11 U.S.C. § 1301 immediately terminates without further order. The termination does not authorize actions for personal liability or property not surrendered.

| Secured Creditor | Description of Collateral |
|---|---|
| None | |

**5. POST-PETITION SECURED DEBT.** The Debtor(s) reserves the right to incur post-petition secured debts, upon prior written approval of the Trustee, for items necessary to Debtor'(s) performance under this Plan.

**6. REPORT OF CHANGES IN INCOME.** The Debtor(s) shall commit all projected disposable income to the Plan for the applicable commitment period and shall immediately report any changes in income in excess of $300 per month to the Trustee.

**7. DECLARATIONS.** Under penalty of perjury, Debtor(s) affirms that all federal and state income, employment and other tax returns due as of the date of this Plan have been filed with the appropriate agency, and that all post-petition payments due on all domestic support obligations have been paid through the date of this Plan.

**8. VESTING OF PROPERTY OF THE ESTATE.** Property of the estate shall revest in the Debtor(s) upon (Check the applicable box)

_x_ Plan confirmation.
___ Closing of the case.
___ Other:

**9. PREVIOUS BANKRUPTCIES, AND DISCHARGE.** (Check one)

___ Debtor(s) is not eligible for a discharge of debts because the Debtor(s) has previously received a discharge described in 11 U.S.C. § 1328(f).

_x_ Under penalty of perjury, Debtor(s) declares that he/she has not received a discharge in a previous bankruptcy case that would cause him/her to be ineligible to receive a discharge in the above-entitled case under 11 U.S.C. § 1328(f).

**10. INCOME TAX REFUNDS.** Debtor(s), within 14 days of filing the return, will supply the Trustee with a copy of each tax return filed during the Plan term. (Check one)

___ Debtor(s) will retain any tax refunds received during the Plan term and has included them in Debtor'(s) budget.
___ Debtor(s) will turn over to the Trustee all income tax refunds received during the Plan term.

__X__ Debtor(s) projects no tax refunds. Any tax refunds received during the term of the Plan will be turned over to the Trustee.

___ Debtor(s) will turn over to the Trustee a portion of any income tax refunds received during the Plan term as specified below:

______________________________________________________________________

______________________________________________________________________

**11. NON STANDARD PLAN PROVISIONS.**

___ None.

If "None" is checked, the rest of Paragraph 11 need not be completed or reproduced. Under Bankruptcy Rule 3015(c), nonstandard provisions are required to be set forth below. These Plan provisions will be effective only if the applicable box on Page 1 of this Plan is checked.

The Debtor is seeking to refinance his real property to allow him to pay the judgment in favor of Marshall Pierce and Sarah Menhennet as well as the first position mortgage. Debtor will be seeking sufficient funds to pay this plan in full. If the Debtor is not able to refinance, the property will be offered for sale. A failure to refinance or sell within 12 months after confirmation will be grounds for dismissal of this case or conversion to chapter 7.

Notwithstanding the foregoing paragraph, if the Debtor is able to obtain financing to pay the Pierce-Menhennet claim but not all claims filed in this case the Debtor will move to modify this plan to provide for payment of remaining claims over the remaining term of this plan. In that event the provision in the preceding paragraph about dismissal or conversion after 12 months will not be applicable.

Liquidation Analysis: Debtor has sufficient non-exempt assets to require full payment of unsecured debts with interest at the federal judgment rate as of the date of filing, which was 3.85%.

Notwithstanding the language of paragraph 1 of this plan the due date of debtor's payments will be on the 15th day of the month.

**12. CERTIFICATION.** No changes have been made to the form required by Montana Local Bankruptcy Rules except those referenced in Paragraph 11 and the Debtor(s) is not seeking confirmation of any provision not allowed under the Federal Rules of Bankruptcy Procedure.

DATED: October 30, 2026

/s/Norman W. Parmiter___________
Debtor

/s/Edward A. Murphy
Attorney for Debtor